UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KITCHEN,

    Plaintiff,

v.

RICK SNYDER, et al,

    Defendants.

Case No. 16-10378
Honorable Laurie J. Michelson

**ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff Michael Kitchen, currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983. (Dkt. 1, Compl.) The crux of Kitchen's complaint is that he was denied adequate medical care while incarcerated at the Michigan Reformatory (RMI) in Ionia, Michigan. For the reasons stated below, the Court will transfer this matter to the United States District Court for the Western District of Michigan for further proceedings.

Under 28 U.S.C. § 1391(b), a civil action in federal court may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." Even if venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to

any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A district court may transfer a case *sua sponte*. *See Cosmichrome, Inc. v. Spectra Chrome. Inc. LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

Here, the events or omissions giving rise to Kitchen's claim occurred at a correctional facility in Ionia, Michigan, which is in Ionia County and thus in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Additionally, the Defendants also "reside" in the Western District of Michigan. Public officials are deemed to reside in the county in which they perform their official duties. *See Smith v. Hoffner*, No. 15-CV-10349, 2015 WL 401012, at *1 (E.D. Mich. Jan. 28, 2015) (citing *O'Neill v. Bartisti*, 472 F.2d 789, 791 (6th Cir. 1972) (per curiam). Kitchen names as defendants—in their individual *and* official capacities—many employees of the Michigan Department of Corrections and Corizon, a medical contractor to MDOC, who work at the Michigan Reformatory in Ionia, including the warden and various healthcare professionals. He also names the governor of Michigan and the Director of MDOC, both of whom perform their official duties in Lansing, Michigan. As part of Ingham County, Lansing is also in the Western District. *See* 28 U.S.C. § 102(b)(1). Finally, as for Kitchen's claim against Corizon, its officers, and its shareholders, the Court understands that while Corizon is incorporated out-of-state, it has sufficient contacts through its business with MDOC in both the Eastern and Western Districts to make it a resident of either for purposes of venue. *See* 28 U.S.C. § 1391(d). Finally, Kitchen is still confined at a correctional facility in Ionia, in the Western District.

The Court thus concludes that for the convenience of the parties and witnesses, and in the interests of justice, the proper venue for this case is the United States District Court for the Western District of Michigan.

Accordingly, IT IS ORDERED that pursuant to 28 U.S.C. § 1404(a), the Clerk shall TRANSFER this case to the District Court for the Western District of Michigan, Southern Division.

SO ORDERED.

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE

Dated: February 22, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 22, 2016.

> s/Jane Johnson
> Case Manager to
> Honorable Laurie J. Michelson